United States Court of Appeals
Fifth Circuit

**F I L E D**

February 22, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 06-20539
Summary Calendar

———————————

ALONSO BARRERA,

Plaintiff-Appellant,

versus

WORLDWIDE FLIGHT SERVICES, INC.,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas, Houston Division
USDC No. 4:03-CV-05718
--------------------

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiff Alonso Barrera appeals the dismissal of his termination claim under Title VII on summary judgment. Finding no error, we affirm.

I.

Worldwide hired Alonso Barrera as a bus driver in September 1997 and promoted him to jet bridge technician in 1999. Worldwide terminated Barrera's employment in 2000, after he allegedly violated the company's policy prohibiting racially hostile conduct by painting the letters "KKK" on a company

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

workbench.  Barrera challenged his termination, and an arbitrator reinstated him in February 2001, subject to the condition that Worldwide could terminate his employment immediately were he to violate the policy again.

On June 18, 2003, Worldwide again terminated Barrera for violating the policy, this time for directing a racial epithet at an African-American co-worker and threatening to assault the co-worker.  Barrera filed a grievance and his termination was upheld.  He filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and received a right-to-sue letter.

He then filed suit in district court, claiming that Worldwide had violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, by subjecting him to a hostile work environment and then terminating him because he is Hispanic and in retaliation for engaging in a protected activity.  Worldwide moved for summary judgment on both claims.  The district court granted summary judgment for Worldwide and dismissed Barrera's claim of wrongful termination, but denied summary judgment on the claim for harassment based on national origin.  Barrera's claim for hostile work environment was tried to a jury who found in favor of Worldwide.  Barrera appeals, claiming error related to the district court's grant of summary judgment in favor of Worldwide on his termination claims.

II.

The district court's Memorandum and Order concluded that Barrera failed to establish the elements of a *prima facie* case of retaliation.  Barrera first argues that the district court erred in concluding that there were no genuine issues of fact as to his claim that his national origin was a motivating factor in Worldwide's decision to terminate his employment.  Barrera did not raise this claim below.  Rather, as stated by the district court, Barrera's termination claim is that he was terminated because he was an outspoken member of the union and Worldwide had not wanted to retain him as an employee after the "KKK" incident in 2000.

Assuming that Barrera established a *prima facie* case of retaliation for engaging in a protected activity, Worldwide stated a legitimate non-retaliatory reason for his termination and Barrera has failed to sustain his burden of showing that Worldwide's reason was pretextual.  Worldwide produced evidence that it terminated Barrera for racially harassing and intimidating behavior, in violation of Worldwide's policies and the terms of the 2001 arbitration agreement.  At that point, the inference of discrimination introduced by a *prima facie* case disappears.  Evans v. City of Houston, 246 F.3d 344, 354 (5th Cir. 2001).  Barrera cannot survive summary judgment merely because he disagrees with the stated reasons.  Id. at 355.  The issue is whether Worldwide's stated reason for terminating

Barrera is the real reason he was terminated. <u>Id</u>. Barrera has presented no evidence to counter that after an investigation, Worldwide believed that Barrera had used a racial epithet against another employee and issued threats to that employee, and that Barrera provoked the confrontation that led to his termination. Accordingly, we find no error in the judgment of the district court dismissing Barrera's termination claim on summary judgment.

### III.

For the foregoing reasons, the judgment of the district court is AFFIRMED.